IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE M. ARCHEVAL, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ | : | NO. 15-6125 |

MEMORANDUM

ROBRENO, J.                                                                       JANUARY 13, 2016

Plaintiff Jose M. Archeval, Sr. brought this action, pursuant to 42 U.S.C. § 1983, against Michael Wenerowicz, the Superintendent of the State Correctional Institution at Graterford (SCI-Graterford). Currently before the Court is plaintiff's amended complaint. For the following reasons, the Court will dismiss the amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS AND PROCEDURAL HISTORY

In his initial complaint, plaintiff alleged that he was transferred from the Berks County Jail to SCI-Graterford on December 23, 2014. He alleged that, at SCI-Graterford, he was improperly classified as a parole violator under an old inmate number, even though his maximum sentence had expired on the conviction associated with that number. On June 2, 2015, plaintiff was transferred to SCI-Frackville. The records department at SCI-Frackville realized the error and, on June 17, 2015, sent plaintiff to SCI-Camp Hill to get reclassified with a new inmate number. The complaint indicated that plaintiff was eligible for the Commonwealth's Risk Reduction Incentive (RRRI) program, which provides certain inmates with an opportunity to be considered for parole prior to their minimum sentence if they complete certain therapeutic programs. *See Commonwealth v. Robinson*, 7 A.3d 868, 872-73 (Pa. Super. Ct. 2010). Plaintiff

1

appeared to be alleging that, as a result of the erroneous classification he received at SCI-Graterford, he was not able to participate in programming that could have resulted in his release prior to his minimum sentence under the RRRI program.

After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court noted that plaintiff failed to allege any facts establishing how Superintendent Wenerowicz, the only named defendant, was personally involved in the events giving rise to plaintiff's claims. The Court also concluded that plaintiff had failed to allege a constitutional violation:

> The Court construes the complaint as raising a due process claim based on an erroneous classification that delayed plaintiff's ability to participate in programs that could have led to his early release. It is well-established that a prisoner has no federal constitutional right to release from imprisonment prior to the expiration of his sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 8-11 (1979). Nor does Pennsylvania law vest in an inmate a right to participate in the RRRI program. *See* 61 Pa. Cons. Stat. § 4511; *Robinson*, 7 A.3d at 872-73. Furthermore, to the extent plaintiff is asserting claims based on a clerical error, the complaint does not establish that prison officials were deliberately indifferent to his rights, as opposed to merely negligent, and "[n]egligence by public officials is not actionable as a due process violation." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 274 (3d Cir. 2000).

(Dec. 16, 2015 Order, Document No. 6.) Plaintiff was given leave to file an amended complaint in the event he could state a claim for relief.

In his amended complaint, plaintiff alleges that he arrived at SCI-Graterford as a "new commit," but the woman who processed him accused him of lying about that fact and processed him as though he were a parole violator. Plaintiff alleges that he spoke to the unit manager of his cell block at SCI-Graterford, who informed plaintiff he would investigate the matter, but plaintiff was moved to another cell block a few days later. Plaintiff's subsequent requests to staff

members about the issue at SCI-Graterford were not answered. However, when he wrote to the records department at SCI-Frackville after his transfer, the error was promptly corrected. Plaintiff notes that the "error has cause[d] [him] a lot of stress and depression," and claims that "[t]hey violated [his] constitutional rights by holding [him] at Graterford on a [number] [he] shouldn't be on."

## II. STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

It is understandable that plaintiff is frustrated by his erroneous classification, especially in light of his repeated requests to staff members at SCI-Graterford to look into the problem. However, the fact that plaintiff was improperly classified as a parole violator, rather than a "new commit," for a period of six-months does not give rise to a plausible constitutional claim. Nothing in the complaint reflects that plaintiff's incarceration itself was unlawful. Instead, plaintiff's claim appears to be based on the fact that the classification error interfered with his efforts to participate in programming that could have led to his early release. As the Court noted in dismissing plaintiff's initial complaint, a prisoner has no federal constitutional right to release from imprisonment prior to the expiration of his sentence, and Pennsylvania law does not vest in

an inmate a right to participate in the RRRI program. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 8-11 (1979); *see also* 61 Pa. Cons. Stat. § 4511; *Robinson*, 7 A.3d at 872-73. Accordingly, the Court cannot discern a plausible basis for a constitutional claim based on the facts pled in the amended complaint.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the amended complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[1] Furthermore, even if plaintiff had alleged a plausible constitutional violation, the amended complaint does not allege any facts establishing how Wenerowicz is personally liable under § 1983.